# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

ALFONZO TOWNSEND,                     )
                                      )
       Plaintiff,                )
                                      )
VS.                                   )       No. 20-1172-JDT-cgc
                                      )
TENNESSEE DEPARTMENT OF               )
CORRECTION,                           )
                                      )
       Defendant.                )

---

## ORDER DISMISSING CASE, DENYING PENDING MOTIONS, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On August 4, 2020, Plaintiff Alfonzo Townsend, who is incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Townsend sues the Tennessee Department of Correction (TDOC).

Townsend alleges that in September 1992 he was sentenced to three consecutive 25-year sentences, to be served at 30%. *See* Tenn. Code Ann. § 40-35-501(c). He states that when he was first up for parole in 1996, he was told that TDOC had "run his three 25 year 30% charges into one 75 year charge at 30% and put his parole hearing off." (ECF No. 1 at PageID 3.) Townsend contends this stacking of his sentences was a "departure from a court ordered sentence," rendering it illegal. (*Id.*)

Townsend also states that in January 2011 he was given a "rockman" job by TDOC.  (*Id.* at PageID 2.)  He alleges that he has not, however, "received his good days that he should have gotten at the same time he was getting paid."  (*Id.* at PageID 3.)  Townsend contends that he should have accumulated 1728 days of sentence credits for having a job and an additional 60 days for completing a drug awareness class, pursuant to TDOC Policy 505.01.  (*Id.*)  He contends that if his parole eligibility is properly calculated and he is given the good time credits to which he is entitled, he will have served 30% of his 75-year sentence.  (*Id.*)

Townsend seeks $700,000 in compensatory damages and immediate release from prison on parole.  (*Id.* at PageID 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is

2

entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Townsend filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Townsend's claim for monetary damages against the TDOC are must be treated as a claim against the State of Tennessee itself.  However, Townsend cannot state a valid claim against the State of Tennessee.  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or

3

by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

Though they are not specifically listed as Defendants in the caption of the complaint, Townsend alleges he told Unit Manager White and the WCF Warden about not receiving his good time credits; however, they ignored his complaints. (ECF No. 1 at PageID 3.) To the extent he seeks to sue either of these individuals for failing to properly award him sentence credits, he has no claim. Notwithstanding any TDOC policies, the Tennessee statute allowing inmates to earn sentence credits for good behavior and/or for satisfactory performance in educational or work programs states that "[n]o inmate shall have the right to any such time credits." Tenn. Code Ann. § 41-21-236(a)(2)(D).

Nor does Townsend have a constitutional right to earn sentence credits. "[T]he Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001) (a prisoner's inability to earn sentence credits while in segregation is not

unconstitutional); *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) ("inmates have no inherent constitutional right to good time credit"); *Hammonds v. Long*, No. 3:18-cv-00799, 2018 WL 4220703, at *2 (M.D. Tenn. Sept. 4, 2018) ("[T]he lost opportunity to earn sentence credits is not unconstitutional, because inmates have no constitutional right to earn sentence credits or to any other release from a lawfully imposed sentence.").

Townsend also has no claim for damages under § 1983 for the alleged failure to correctly calculate his release eligibility date.  First, that claim appears to be time barred.  Townsend states he learned about the stacking of his sentences in 1996 when he was first up for parole.  The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."  *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985).  The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B).  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

Even if Townsend's claim regarding miscalculation of his parole eligibility date was timely, he has no constitutional right to parole.  The Supreme Court has stated "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  "A state may . . . establish a parole system, but it has no duty to do so."  *Id.*

Townsend also has no right to parole under Tennessee law.  "Release on parole is a privilege and not a right."  Tenn. Code Ann. § 40-35-503(b).

> Parole being a privilege and not a right, no prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board is of the opinion that there is reasonable probability that the prisoner, if released, will live and remain at liberty without violating the

law, and that the prisoner's release is not incompatible with the welfare of society.
. . .

*Id.* § 40-28-117(a)(1).[1]

Townsend's request for immediate release from prison on parole is not within the authority of this Court to grant in a § 1983 action.  When a prisoner seeks to challenge the validity or duration of his confinement, his remedy is a petition for a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

For all of the foregoing reasons, the complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded.").  Leave to amend is not required where a deficiency cannot be cured.  *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be

---

[1] Townsend asserts the stacking of his consecutive 25-year sentences to determine his eligibility for parole was illegal, but that is precisely what Tennessee law requires:  "The release eligibility date provided for in this section is separately calculated for each offense for which a defendant is convicted.  *For consecutive sentences, the periods of ineligibility for release are calculated for each sentence and are added together to determine the release eligibility date for the consecutive sentences.*"  § 40-35-501(m) (emphasis added).

salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES this case with prejudice in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED. Townsend's motions to appoint counsel and for discovery are DENIED as moot. (ECF Nos. 5 & 6.)

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), it is CERTIFIED that an appeal by Townsend in this matter would not be taken in good faith. If Townsend nevertheless chooses to file a notice of appeal, he must either pay the entire $505 appellate filing fee or submit, in compliance with 28 U.S.C. §§ 1915(a)-(b), a new *in forma pauperis* affidavit and a current copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Townsend, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE